# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 23-1141V

|  |  |
|---|---|
| DOROTHY CHRISTINE COLEMAN, | Chief Special Master Corcoran |
| Petitioner, | Filed: June 12, 2026 |
| v. |  |
| SECRETARY OF HEALTH AND HUMAN SERVICES, |  |
| Respondent. |  |

*Koby Jack Kirkland, Law Office of Koby Kirkland, LLC, Mobile, AL, for Petitioner.*

*Katherine Edwards, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On July 24, 2023, Dorothy Christine Coleman filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, et seq.[2] (the "Vaccine Act"). Petitioner alleged that she suffered from Guillain Barré syndrome caused by an influenza vaccine administered on August 24, 2020. Petition at 1. On September 5, 2025, I issued a decision awarding compensation to Petitioner in the amount of $130,000.00. ECF No. 32.

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $57,380.57 (representing $56,154.25 in fees plus $1,226.32 in costs). Motion for Attorneys' Fees and Costs ("Motion") filed February 9, 2026, ECF No. 38. Furthermore,

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

Petitioner filed a signed statement representing that no personal out-of-pocket expenses were incurred. ECF No. 38-2.

Respondent reacted to the motion on February 24, 2025, stating that he is satisfied the statutory requirements for an award of fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Motion at 2-4, ECF No. 39. Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reason listed below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Hum. Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health & Hum. Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. See Sabella v. Sec'y of Health & Hum. Servs., 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Hum. Servs., 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." Wasson v. Sec'y of Health & Hum. Servs., 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." Wasson, 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." Hensley, 461 U.S. at 434.

**ATTORNEY FEES**

Petitioner requests the hourly rate of $385.00 for all work performed in the 2022-25 timeframe by attorney Koby Kirkland. ECF No. 38-1 at 3. The rates requested for work performed by Mr. Kirkland from 2024 through 2025 are reasonable and are hereby awarded herein, but the rates for 2022-23 work require adjustment. Mr. Kirkland was previously awarded $300.00 per hour for time billed in 2022 and 2023. *See Robbins v. Sec'y of Health & Hum. Servs.,* No. 22-0675V, 2023 WL 5601680 (Fed. Cl. Spec. Mstr. Jul. 24, 2023). I find no reason to deviate from this previous determination, and it otherwise is not the practice of OSM to adjust prior rate determinations upward in later cases. See *Jefferson v. Sec'y of Health & Hum. Servs.*, No. 19-1882, 2023 WL 387051 (Fed. Cl. Spec. Mstr. Jan. 9, 2023). **Application of the foregoing reduces the fees to be awarded herein by $5,661.00.**[2] (No adjustments are made to the time spent on the claim).

Petitioner has also requested that I apply the hourly rate of $194.50 for paralegal tasks performed by Mr. Kirkland. However, this rate exceeds the Vaccine Program's 2022 and 2023 published ranges for paralegals.[3] I shall instead compensate all paralegal work performed in 2022 at the lesser rate of $177.00 per hour, and for 2023 the lesser rate of $186.00, placing these tasks within the applicable ranges. **Application of the foregoing reduces the fees to be awarded herein by $352.40.**[4]

**ATTORNEY COSTS**

Petitioner has provided supporting documentation for all claimed costs. ECF No. 38-13 Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

---

[2] This amount is calculated as follows: ($385 - $300 = $85 x 66.60 hrs = $5,661.00).

[3] The OSM Forum Hourly Rate Fee Schedules are available on the Court's Website: https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules

[4] This amount is calculated as follows: ($194.50 - $177.00 = $17.50 x 11.20 hrs = $196.00) + ($194.50 - $186.00 = $8.50 x 18.40 hrs = $156.40) = $352.40.

**CONCLUSION**

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $51,367.17 (representing $50,140.85 in fees plus $1,226.32 in costs) to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[5]

**IT IS SO ORDERED.**

<u>**/s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.